IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| MERRILL PRIMACK, on behalf of himself and a class, | ) ) ) | Case No.: 14-cv-09333 |
| Plaintiff, | ) ) | Hon. Victoria M. Kendall |
| v. | ) ) | |
| SANTANNA NATURAL GAS CORPORATION d/b/a SANTANNA ENERGY SERVICES and JOHN DOES 1-10, | ) ) ) ) ) | |
| Defendants. | ) | |

| | |
|---|---|
| Daniel A. Edelman<br>Cathleen M. Combs<br>James O. Latturner<br>Francis R. Greene<br>EDELMAN, COMBS,<br>LATTURNER & GOODWIN, L.L.C.<br>20 S. Clark Street, Suite 1500<br>Chicago, IL 60603<br>Telephone: (312) 739-4200 | Stephen F. MacGuidwin (P72302)<br>VARNUM LLP<br>*Attorneys for Santanna Natural Gas*<br>*Corporation d/b/a Santanna Energy Services*<br>333 Bridge Street NW, Suite 1700<br>Bridgewater Place, P.O. Box 352<br>Grand Rapids, MI 49501-0352<br>Telephone: (616) 336-6000 |

**DEFENDANT'S ANSWER TO COMPLAINT - CLASS ACTION**

**INTRODUCTION**

NOW COMES the Defendant Santanna Natural Gas Corporation d/b/a Santanna Energy Services ("Defendant"), by and through its attorneys, Varnum LLP, and answers Plaintiff's Complaint as follows:

1. Plaintiff Merrill Primack brings this action to secure redress for the placement of illegal telemarketing calls to his telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA").

1

**ANSWER: Defendant admits that Plaintiff is attempting to assert claims against it pursuant to the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA"). Defendant denies liability to Plaintiff under the TCPA.**

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (71 Cir. 2005).

**ANSWER: Admitted.**

3. Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendant:

   a. Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

**ANSWER: Defendant denies that the allegations contained in Plaintiff's Complaint occurred as plead by the Plaintiff. As such, Defendant denies the allegation.**

   b. Have transacted or done business in Illinois.

**ANSWER: Admitted.**

4. Venue in this District is proper for the same reason.

**ANSWER: Admitted.**

## PARTIES

5. Plaintiff Merrill Primack is a resident of the Northern District of Illinois.

**ANSWER: Neither admitted nor denied, as Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.**

6. Defendant Santanna Natural Gas Corporation d/b/a Santanna Energy Services ("Santanna") is a Texas corporation with its principal offices located at 7701 San Felipe

Boulevard, Suite 200, Austin, Texas, 78729. Its registered agent and office is Thomas F. Karaba, 20 South Clark Street, Suite 2310, Chicago, IL 60603.

**ANSWER: Admitted.**

7. Defendants Does 1-10 are other persons responsible for the calls complained of.

**ANSWER: Neither admitted nor denied, as Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.**

## FACTS

8. Plaintiff's home landline telephone has been on the Do-Not-Call Registry since June 2013.

**ANSWER: Neither admitted nor denied, as Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.**

9. On September 16, 2014 at approximately 2:30 p.m., plaintiff received a telemarketing call from defendant on his home telephone. When plaintiff answered the call, he talked with an agent of defendant who tried to sell plaintiff on choosing defendant as his electricity supplier. The agent gave 800-764-4427 as defendant's telephone number.

**ANSWER: Denied, for the reason the allegation is untrue. Defendant has no records showing that Defendant or others on its behalf placed telephone calls to Plaintiff's home telephone number.**

10. On October 17, 2014 at approximately 1:00 p.m., plaintiff received another telemarketing call from defendant on his home telephone. When plaintiff answered the call, he talked with an agent of defendant who again tried to sell plaintiff on choosing defendant as his electricity supplier. The agent again gave the 800-764-4427 as defendant's telephone number.

**ANSWER: Denied, for the reason the allegation is untrue. Defendant has no records showing that Defendant or others on its behalf placed telephone calls to Plaintiff's home telephone number.**

11. The 800-764-4427 number is associated with defendant and is answered Santanna Energy Services".

**ANSWER: Admitted.**

12. Defendant either negligently or willfully violated the rights of plaintiff in placing the calls.

**ANSWER: Denied, for the reason the allegation is untrue.**

13. Plaintiff suffered damages as a result of receipt of the calls. Furthermore, plaintiff's statutory right of privacy was invaded

**ANSWER: Denied, for the reason the allegation is untrue.**

14. Plaintiff is entitled to statutory damages.

**ANSWER: Denied, for the reason the allegation is untrue.**

## COUNT I - TCPA

15. Plaintiff incorporates paragraphs 1-14.

**ANSWER: Defendant incorporates by reference its previous responses as if fully sets forth herein.**

16. Defendant violated the TCPA by placing telemarketing calls to plaintiff's home phone.

**ANSWER: Denied, for the reason the allegation is untrue. Defendant has no records showing that Defendant or others on its behalf placed telephone calls to Plaintiff's home telephone number.**

17. A private right of action for "do not call" violations is conferred upon any person who has received "more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed" by the FCC. 47 U.S.C. §227(c)(5) provides:

> (5) Private right of action. A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State may bring in an appropriate court of that State-
>
> (A)  an action based on a violation of the regulations prescribed under this subsection to enjoin such violation.
>
> (B)  an action to recover for actual monetary loss such a violation or to receive up to $500 in damages for each such violation, whichever is great, or
>
> (C)  both actions.
>
> It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection. If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to more than 3 times the amount available under subparagraph (B) of this paragraph.

**ANSWER: No factual allegation is made, and therefore, no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.**

18. Plaintiff and each class member is entitled to statutory damages.

**ANSWER: Denied, for the reason the allegation is untrue.**

19. Defendant violated the TCPA even if its actions were only negligent.

**ANSWER: Denied, for the reason the allegation is untrue.**

20. Defendant should be enjoined from committing similar violations in the future.

**ANSWER: Denied, for the reason the allegation is untrue.**

## CLASS ALLEGATIONS

21. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) received 2 or more calls from defendant within a one year period (d) on a telephone listed on the National Do Not Call Registry, (e) with respect to whom defendant cannot provide evidence of express consent prior to the call.

**ANSWER: Defendant admits that the Plaintiff is attempting to bring this claim on behalf of a class. Defendant denies Plaintiff is entitled to the relief requested.**

22. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

**ANSWER: Denied, for the reason the allegation is untrue.**

23. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendant engaged in a pattern of making or causing to be made telemarketing calls to plaintiffs home phone when his home phone was registered on the Do Not Call Registry;

**ANSWER: Denied, for the reason the allegation is untrue.**

    b.    The manner in which defendant compiled or obtained their list of telephone numbers;

**ANSWER: Denied, for the reason the allegation is untrue.**

    c.    Whether defendant obtained the consent of the called parties;

**ANSWER: Denied, for the reason the allegation is untrue.**

    d.    Whether defendant thereby violated the TCPA;

**ANSWER: Denied, for the reason the allegation is untrue.**

24. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiffs counsel have any interests which might cause them not to vigorously pursue this action.

**ANSWER: Defendant denies that the allegations contained in Plaintiff's Complaint occurred as plead by Plaintiff. As such, Defendant denies the allegations.**

25. Plaintiffs claims are typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER: Denied, for the reason the allegations are untrue.**

26. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

**ANSWER: Denied, for the reason the allegation is untrue.**

27. Several courts have certified class actions under the TCPA: Meyer v. Portfolio Recovery Associates, LLC, 707 F.3d 1036 (9th Cir. 2012); Manno v. Healthcare Revenue Recovery Group, LLC, 289 F.R.D. 674 (S.D.Fla. 2013); Mitchem v Illinois Collection Serv., 271 F.R.D. 617 (N.D.Ill. 2011); Balbarin v. North Star Capital Acquisition, LLC,10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); Lo v. Oxnard European Motors, LLC, 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012); Sadowski v. Medl Online, LLC, 07 C 2973,2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); CE Design Ltd v Cy's Crabhouse North, Inc., 259 F.R.D. 135 (N.D.Ill. 2009); Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd, 679 F. Supp. 2d 894 (N.D.Ill. 2010); Garrett v. Ragle Dental Lab, Inc., 10 C 1315,2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); Hinman v. M & M Rental Ctr., 545 F.Supp. 2d 802 (N.D.Ill. 2008); Clearbrook v. Roojlifters, LLC, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); G.M Sign, Inc. v. Group C Communs., Inc., 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); Holtzman v. Turza, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009); Kavu, Inc. v. Omnipak Corp., 246 F.R.D. 642 (W.D.Wash. 2007); Display South, Inc. v. Express Computer Supply, Inc., 961 So.2d 451, 455 (La. App. 1stCir. 2007); Display South, Inc. v. Graphics House Sports Promotions, Inc., 992 So. 2d 510 (La. App. 1stCir. 2008); Lampkin v. GGH, Inc., 146 P.3d 847 (Ok. App. 2006); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (lnd.App. 2003); Critchfield Physical Therapy v. Taranto Group, Inc., 293 Kan. 285; 263 P.3d 767 (2011); Karen S. Little, L.L.C. v. Drury Inns. Inc., 306 S.W.3d 577 (Mo. App. 2010); Travel] 00 Group, Inc. v. Empire

Cooler Service, Inc., 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000).

**ANSWER: No factual allegation was made, and therefore no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.**

28. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

**ANSWER: Denied, for the reason the allegation is untrue.**

WHEREFORE, Defendant prays that this Honorable Court dismiss Plaintiff's Complaint, award Defendant costs and attorney fees, and such other and further relief as may be appropriate.

## COUNT II - ILLINOIS CONSUMER FRAUD ACT

29. Plaintiff incorporates paragraphs 1-14.

**ANSWER: Defendant incorporates by reference its previous responses as if fully set forth herein.**

30. Defendant engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by making telephone calls to plaintiffs home phone when it was registered on the Do Not Call Registry.

**ANSWER: Denied, for the reason the allegation is untrue.**

31. Defendant's conduct is contrary to public policy, as set forth in the TCPA.

**ANSWER: Denied, for the reason the allegation is untrue.**

32. Plaintiff suffered damages as a result of receipt of the calls.

**ANSWER: Denied, for the reason the allegation is untrue.**

33. Defendant engaged in such conduct in the course of trade and commerce.

**ANSWER: Denied, for the reason the allegation is untrue.**

34. Defendant should be enjoined from committing similar violations in the future.

**ANSWER: Denied, for the reason the allegation is untrue.**

## CLASS ALLEGATIONS

35. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date three years prior to the filing of this action (815 ILCS 505/100), (c) received 2 or more calls from defendant within a one year period (d) on a telephone listed on the National Do Not Call Registry, (e) with respect to whom defendant cannot provide evidence of express consent prior to the call.

**ANSWER: Defendant admits that the Plaintiff is attempting to bring this claim on behalf of a class. Defendant denies Plaintiff is entitled to the relief requested.**

36. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

**ANSWER: Denied, for the reason the allegation is untrue.**

37. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendant engaged in a pattern of making or causing to be made telemarketing calls to plaintiffs home phone when plaintiffs home phone number was registered on the Do Not Call Registry;

**ANSWER: Denied, for the reason the allegation is untrue.**

  b.  The manner in which defendant compiled or obtained their list of telephone numbers;

**ANSWER: Denied, for the reason the allegation is untrue.**

  c.  Whether defendant obtained the consent of the called parties;

**ANSWER: Denied, for the reason the allegation is untrue.**

  d.  Whether defendant thereby violated the ICFA;

**ANSWER: Denied, for the reason the allegation is untrue.**

38. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

**ANSWER: Defendant denies that the allegations contained in Plaintiff's Complaint occurred as plead by Plaintiff. As such, Defendant denies the allegations.**

39. Plaintiffs claims are typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER: Denied, for the reason the allegation is untrue.**

40. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

**ANSWER: Denied, for the reason the allegation is untrue.**

41. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

**ANSWER: Denied, for the reason the allegation is untrue.**

WHEREFORE, Defendant prays that this Honorable Court dismiss Plaintiff's Complaint, award Defendant costs and attorney fees, and such other and further relief as may be appropriate.

## COUNT III - ILLINOIS RESTRICTED CALL REGISTRY ACT

42. Plaintiff incorporates paragraphs 1-14.

**ANSWER: Defendant incorporates by reference its previous responses as if fully set forth herein.**

43. 815 ILCS 402/10 provides that "Beginning October 1, 2003, it is a violation of this Act for any person or entity to make or cause to be made any telephone solicitation calls to any residential subscriber more than 45 days after the person or entity obtains the Registry or any update of the Registry on which the residential subscriber's telephone number or numbers first appear."

**ANSWER: No factual allegation is made, and therefore no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.**

44. 815 ILCS 402/5(a) defines "Residential subscriber" to mean "a person or spouse who has subscribed to either residential telephone service from a local exchange company or public mobile services, as defined by Section 13-214 of the Public Utilities Act, a guardian of the person or the person's spouse, or an individual who has power of attorney from or an authorized agent of the person or the person's spouse."

**ANSWER: No factual allegation is made, and therefore no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.**

45. 815 ILCS 402/5(e) defines "Telephone solicitation" to mean any voice communication over a telephone line from a live operator, through the use of an autodialer or autodialer system, as defined in Section 5 of the Automatic Telephone Dialers Act, or by other means for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, or for the purposes of soliciting charitable contributions but does not include communications:

(1) to any residential subscriber with that subscriber's prior express invitation or permission when a voluntary 2-way communication between a person or entity and a residential subscriber has occurred with or without an exchange of consideration. A telephone solicitation is presumed not to be made at the express request of a subscriber if one of the following occurs, as applicable:

(A) The telephone solicitation is made 30 business days after the last date on which the subscriber contacted a business with the purpose of inquiring about the potential purchase of goods or services.

(B) The telephone solicitation is made 30 business days after the last date on which the subscriber consented to be contacted.

(C) The telephone solicitation is made 30 business days after a product or service becomes available where the subscriber has made a request to the business for that product or service that is not then available, and requests a call when the product or service becomes available;

(2) by or on behalf of any person or entity with whom a residential subscriber has an established business relationship which has not been terminated in writing by

> either party and which is related to the nature of the established business relationship;
>
> (3) by or on behalf of any person or entity with whom a residential subscriber is an existing customer, unless the customer has stated to the person or entity or the person or entity's agent that he or she no longer wishes to receive the telemarketing sales calls of the person or entity, or unless the nature of the call is unrelated to the established business relationship with the existing customer; ...

**ANSWER: No factual allegation is made, and therefore no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.**

46. 815 ILCS 402/5(b) defines "Established business relationship" as "the existence of an oral or written transaction, agreement, contract, or other legal state of affairs involving a person or entity and an existing customer under which both parties have a course of conduct or established pattern of activity for commercial or mercantile purposes and for the benefit or profit of both parties. A pattern of activity does not necessarily mean multiple previous contacts. The established business relationship must exist between the existing customer and the person or entity directly, and does not extend to any related business entity or other business organization of the person or entity or related to the person or entity or the person or entity's agent including but not limited to a parent corporation, subsidiary partnership, company or other corporation or affiliate."

**ANSWER: No factual allegation is made, and therefore no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.**

47. 815 ILCS 402/50 provides:

402/50. Enforcement by residential subscriber.

§ 50. Enforcement by residential subscriber. Any residential subscriber who receives a call in violation of this Act may bring an action for the recovery of damages. In addition to actual damages, if any, the subscriber may obtain statutory damages in the amount of $500 per violation. No action or proceeding may be brought more than one year after (1) the person bringing the action knew or should have known of the alleged violation or (2) the termination of any proceeding or action brought pursuant to Section 35 that arises out of the same violation.

**ANSWER: No factual allegation is made, and therefore no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.**

48. Plaintiff is a "residential subscriber" within the meaning of the Restricted Call Registry Act.

**ANSWER: Neither admitted nor denied, as Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation.**

49. Defendant violated the Restricted Call Registry Act by making a telephone solicitation to plaintiff more than 45 days after plaintiff placed his number on the National Do Not Call Registry.

**ANSWER: Denied, for the reason the allegation is untrue.**

50. Defendant violated the Restricted Call Registry Act even if its actions were only negligent.

**ANSWER: Denied, for the reason the allegation is untrue.**

51. Plaintiff is entitled to statutory damages for defendant's violation of the Restricted Call Registry Act.

**ANSWER: Denied, for the reason the allegation is untrue.**

### CLASS ALLEGATIONS

52. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.

**ANSWER: Defendant admits that the Plaintiff is attempting to bring this claim on behalf of a class. Defendant denies Plaintiff is entitled to the relief requested.**

53. The class consists of (a) all Illinois residents who (b) during a period beginning one year prior to the filing of this action, (c) received a call from defendant (d) after having placed their telephone numbers on the National Do Not Call Registry more than 45 days prior to the call from defendant, (e) which call advertised the commercial availability of any property, goods, or services of defendant.

**ANSWER: Denied, for the reason the allegation is untrue.**

54. On information and belief, the class is so numerous that joinder of all members is impractical.

**ANSWER: Denied, for the reason the allegation is untrue.**

55. Plaintiff alleges that there are more than 40 members of the class.

**ANSWER: Denied, for the reason the allegation is untrue.**

56. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These questions include:

    a. Whether defendant timely obtains numbers on the National Do Not Call Registry;

**ANSWER: Denied, for the reason the allegation is untrue.**

  b.  The manner in which defendant places telemarketing calls.

**ANSWER: Denied, for the reason the allegation is untrue.**

57. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiffs counsel have any interests adverse to or in conflict with the absent class members.

**ANSWER: Defendant denies that the allegations contained in Plaintiff's Complaint occurred as plead by Plaintiff. As such, Defendant denies the allegations.**

58. A class action is a superior method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

**ANSWER: Denied, for the reason the allegation is untrue.**

WHEREFORE, Defendant prays that this Honorable Court dismiss Plaintiff's Complaint, award Defendant costs and attorney fees, and such other and further relief as may be appropriate.

Respectfully submitted,

**VARNUM LLP**
Attorneys for Attorneys for Santanna Natural Gas Corporation d/b/a Santanna Energy Services

Dated:  December 29, 2014        By:  */s/ Stephen F. MacGuidwin*
Stephen F. MacGuidwin (P72302)
Business Address & Telephone:
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000 Telephone
(616) 336-7000 Fax
sfmacguidwin@varnumlaw.com

## **DEFENSES**

NOW COMES the Defendant, Santanna Natural Gas Corporation d/b/a Santanna Energy Services, by and through its attorneys, Varnum LLP, and states the following defenses:

1. Defendant has at all times acted in compliance with the exemption set forth in 815 ILCS 402/40.

2. To the extent a violation of the TCPA occurred, Defendant is not liable for any violations as it can demonstrate compliance with 47 CFR § 64.1200(c)(2).

3. Plaintiff has failed to state a claim against Defendant.

4. Defendant reserves the right to assert additional defenses as they become known during discovery.

WHEREFORE, Defendant prays that this Honorable Court dismiss Plaintiff's Complaint, award Defendant costs and attorney fees, and such other and further relief as may be appropriate.

Respectfully submitted,

**VARNUM LLP**
Attorneys for Attorneys for Santanna Natural Gas Corporation d/b/a Santanna Energy Services

Dated: December 29, 2014       By:  */s/ Stephen F. MacGuidwin*
Stephen F. MacGuidwin (P72302)
Business Address & Telephone:
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000 Telephone
(616) 336-7000 Fax
sfmacguidwin@varnumlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

/s/ Stephen F. MacGuidwin
Stephen F. MacGuidwin (P72302)

9025189\1